JAMES CANN, Judge.
On the evening of the 20th day of December, 1949, at approximately ten-forty o’clock, claimant C. E. Radford, of Huntington, West Virginia, an employe of tho Chesapeake & Ohio Railroad Company, was the owner and operator of a 3949 Mercury automobile, at which time he, in company with one James Edward Tipton, was proceeding in an easterly direction from Huntington toward the city of Charleston upon and over u. s. route 60. While so proceeding and having just crossed what is known as the Mud River Bridge, he approached and entered the intersection of said v. s. route 60 and what was referred to as the “Old Barhoursville Pike” *95 which intersects at right angles with said u. s. route 60 in a northerly and southerly direction, when a national guard truck, operated by Pfc. Bernard H. Belvin, proceeding in a northerly direction on said pike attempted to and did enter the said intersection onto u. s. route 60 in the path of the automobile driven by claimant, causing damage to claimant’s automobile in the amount of $500.60.
It appears from the evidence introduced in the case that the state road commission had installed a “blinker” in the center of the intersection of the two roads above mentioned, said “blinker” showing an orange light to traffic proceeding on u. s. route 60 and showing red to traffic proceeding on the intersecting pike. In addition to the blinker — no doubt considering this inntersection perilous — the state road commission also installed stop signs on the said pike at or near the said intersection. The evidence further disclosed that the night this accident occurred the weather was clear and visibility good; that claimant, who was proceeding at a speed between twenty and twenty-five miles per hour, entered the intersection when suddenly the national guard truck entered the intersection, without stopping at the stop sign, directly in front of claimant’s vehicle, at or about the middle of the intersection. Upon being confronted with this sudden situation claimant immediately applied his brakes and cut his car to the left in an endeavor to avoid the truck, but being only about fourteen feet away from each other the above maneuver was too late and the vehicles collided causing the damages complained of. The fact that the evidence showed that claimant’s car skidded about twenty-six feet (this included the length of claimant’s car) indicates that claimant was only travelling at the rate of speed he stated and that the vehicles were rather close at the time of the collision.
Chapter 17, article 8, section 10 (1537) of our code provides:
“An operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left of an intersecting highway, and shall give the right of way to an operator ap *96 proaching from the right on an intersecting highway: Provided, however, That the state road commissioner is hereby authorized to erect stop signs or traffic lights at any highway intersection where, in his opinion, such stop signs or traffic lights are desirable to control traffic, otherwise as above provided, and wherever the state road commissioner shall have erected and maintained a stop sign or traffic light at any road intersection in this state, then said stop sign or traffic light shall govern the traffic movement, and it shall be unlawful for the driver of any vehicle approaching said intersection on the road upon which said stop sign or traffic light has been erected and is maintained to .fail to obey the sign or traffic light.”
The state introduced no evidence but the assistant attorney general, representing the state agency involved, made a statement in open court to the effect that from all reports received by the adjutant general concerning this accident their investigation of the same led them to conclude that the evidence introduced by the claimant was substantially correct and that the driver of. the truck was at fault.
Our Supreme Court, in the case of Somerville v. Dellosa, 56 S. E. (2d) 756, stated:
“It is an established principle in this jurisdiction that the violation of a statute alone is sufficient to make the violator prima facie guilty of negligence. Of course to justify a recovery it must be shown by a preponderance of the evidence that the violation was the proximate cause of the plaintiff’s injury.”
The court also stated:
“However, here we are not dealing with the mere question of a right of way. The State Road Commission felt that this junction was perilous enough to require a stop sign on the secondary road. That sign, bears no relation to actual traffic. Its violation under any and all circumstances constitutes prima facie negligence. The violator is responsible for the damage which results proximately from his conduct.”
*97 From the evidence introduced in this case we are of the opinion that the driver of the national guard truck was negligent and at fault in not stopping at the stop sign before entering the intersection in question and that the violation of that sign and of the statute herein quoted was the proximate cause of the damages done to claimant’s automobile, making the state agency involved liable to claimant for said damages.
Accordingly we make an award to the claimant in this case in the sum óf five hundred dollars and sixty cents ($500.60).